On August 1, 1975 the court issued the following order:
Before CoweN, Chief Judge, Davis and Nichols, Judges.
“In this tax refund case the principal issue is whether the earnings of certain persons who sold plaintiff’s merchandise were sales agents or employees whose earnings constituted wages for which the taxpayer owed Federal Insurance Contribution Taxes. Defendant has filed a motion for partial summary judgment covering paragraph 13 of plaintiff’s petition, wherein plaintiff alleged that the assessment and collection of the taxes were illegal because the action of defendant’s representatives was arbitrary and capricious in discriminating against plaintiff as compared to its similarly *1018 situated competitors. Upon consideration of the motion and plaintiff’s opposition thereto, the court concludes:
“The defendant’s contention that the court is without jurisdiction of the claim alleged in paragraph 13 of the petition, because that ground of relief substantially varies from the ground set forth in the claim for refund, is rejected. On February 11, 1975, plaintiff filed an amended claim for refund with the Internal Revenue Service, specifying the exact grounds that are set forth in paragraph 13 of the petition. The amended claim was filed well within the two-year period specified in Section 6511(a) of the Internal Revenue Code. The second ground upon which defendant’s motion for partial summary judgment is based is that the taxpayer is not within the class of persons who may properly claim tax relief on the theory of discrimination, and that portion of the motion should be denied without prejudice and the case remanded for trial.
“it is therefore ordered that defendant’s motion with respect to the second ground upon which it is based is denied without prejudice and the case is remanded to the trial division with instructions to sever the principal issue described above from the issue of discrimination and to defer all proceedings relating to the latter issue until after the court has had an opportunity to review the trial judge’s decision on the principal issue. Further proceedings thereafter shall be the same as specified in the court’s order in No. 139-73, Queen's Way to Fashion, Inc. v. United States, issued April 12, 1974, 204 Ct. Cl. 836.”